**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NIPPON ANIMATION CO., LTD.,

Plaintiff,

v.

ANIMEBA, et al.,

Defendant.

Civil Action No. 26-cv-04971

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff Nippon Animation Co., Ltd. ("NIPPON" or "Plaintiff"), by its counsel, and Defendant animeba (DOE #1) ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

The parties stipulate the following: that this Court has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including New York. Specifically, Defendant has targeted sales to New York residents by setting up and operating internet stores that target United States consumers, offering shipping to the United States, including New York, accepting payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold products using infringing versions of Plaintiff's copyrighted works to residents of New York. Plaintiff is the current owner of the CHIBI MARUKO-CHAN Work asserted in this action, including Copyright Registration No. PA 2-572-146.

The parties stipulate that Defendant is liable for willful federal copyright infringement under the Copyright Act, 17 U.S.C. § 501.

IT IS HEREBY ORDERED that:

1. Defendant, the officers, agents, servants, employees, attorneys, and all persons acting for,

with, by, through, under or in active concert with it be permanently enjoined and restrained from:

a. using, reproducing, distributing, marketing, advertising, offering for sale, or selling any product that incorporates, copies, or is derived from Plaintiff's copyrighted works and is not a genuine Plaintiff's product or otherwise authorized by Plaintiff;

b. inducing or enabling others to reproduce, distribute, offer for sale, or sell any product that incorporates, copies, or is derived from Plaintiff's copyrighted works and is not a genuine Plaintiff's product or otherwise authorized by Plaintiff;

c. committing any acts that infringe Plaintiff's exclusive rights in its copyrighted works, including unauthorized reproduction, distribution, display, creation of derivative works, offering for sale, or sale of products incorporating Plaintiff's copyrighted works; and

d. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which incorporates, reproduces, is derived from, or is substantially similar to Plaintiff's copyrighted works, including any unauthorized reproductions or copies thereof.

2. Pursuant to the parties' settlement agreement, Defendant animeba (DOE #1) shall pay plaintiff $4,000 (Four Thousand U.S. dollars) in damages (the "Damages Amount").

3. PayPal Inc. ("PayPal") is ordered to transfer the Damages Amount from Defendant's accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon PayPal's transfer of the Damages Amount to Plaintiff pursuant to paragraph 2, PayPal shall remove any restraints that were placed on Defendant's PayPal store and financial accounts pursuant to the Temporary Restraining Order, Dkt. No. 20.

5. This Court retains subject matter jurisdiction over this matter for at least one hundred eighty (180) days after this Order is entered. This case is dismissed against defendant Animeba only with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice. There is no just reason for delay pursuant to Fed. R. Civ. P. 54(b).

JGK.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

DATED: 10/28/26

John G. Koeltl

Hon. John G. Koeltl
United States District Judge